**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Lora Alexander,

Plaintiff,

v.

Teresa Jakowich, et al.,

Defendants.

No. CV-26-04436-PHX-DWL

**ORDER**

On August 4, 2026, the Court screened the complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2) and dismissed the complaint, granting "limited leave to amend." (Doc 18.) Specifically, the Court noted that Plaintiff's claims under 42 U.S.C. § 1981 and § 1985(3) both failed to state a claim due to failure to allege nonconclusory facts demonstrating that Defendants' conduct was motivated by racial prejudice. (Doc. 18 at 6, 8.) Plaintiff was granted leave to amend to cure the deficiencies in these two counts only, as to Defendants Jakowich, Erickson, and Gerber only. (*Id.* at 9.) The Court clarified that the state law causes of action could be reasserted against all of the Defendants, although supplemental jurisdiction would be granted only if a federal claim survived a second screening process. (*Id.* at 8-9.)

On August 17, 2026, Plaintiff filed the first amended complaint ("FAC"). The Court will screen the FAC pursuant to 28 U.S.C. § 1915(e)(2). However, because the FAC exceeds the limited scope of leave to amend permitted by the August 4, 2026 order, the Court will consider only the causes of action within that limited scope. *McDonough v.*

*Bidwill*, 2025 WL 2673966, *5 (D. Ariz. 2025) ("Courts routinely dismiss or strike newly added claims where the addition of such claims exceeds the scope of leave to amend that was previously authorized.").

The August 4, 2026 order, which sets out the background facts, procedural history, and legal analysis in detail, is fully incorporated into this order.

The FAC fails to allege nonconclusory facts demonstrating that Defendants' conduct was motivated by racial prejudice. This failure is dispositive of the federal claims. "To prevail" on a § 1981 claim, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020). To that end, a complaint must "contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face under the but-for causation standard." *Id.* (cleaned up). And "in order to prove a private conspiracy in violation of the first clause of § 1985(3), a plaintiff must show . . . that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993). For this claim, too, as with all claims, the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "mere conclusory statements" to support an element of a claim "do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The FAC alleges that Defendants' actions "occurred because of Plaintiff's race." (Doc. 20 ¶ 130.) This is a conclusory statement setting forth a legal conclusion and therefore cannot be accepted as true. *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "[N]aked assertions devoid of further factual enhancement" do not "state a claim to relief that is plausible on its face." *Id.* (cleaned up).

The FAC alleges that Defendant Jakowich was Plaintiff's employee, and "before Jakowich's termination, Plaintiff and Jakowich worked together for approximately three

and three-half [sic] years without the pattern of accusations and reports" that "began after Jakowich's employment was terminated." (Doc. 20 ¶¶ 33-36.) Furthermore, the FAC alleges that Plaintiff rented a room in the residence of Jakowich's father for over two years before Jakowich was terminated, but none of the actions allegedly giving rise to liability occurred until after Jakowich's termination. (*Id.* ¶¶ 20-22, 35-36.) Although Defendants' actions might have been motivated by hard feelings following Jakowich's termination, the Court cannot reasonably infer that Defendants' actions were caused by racial prejudice. *Iqbal*, 556 U.S. at 682 ("As between that obvious alternative explanation . . . and the purposeful, invidious discrimination respondent asks us to infer, discrimination is not a plausible conclusion.").

Because it is clear that amendment would be futile, the dismissal is without leave to amend. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed pro se plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co*., 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Accordingly,

**IT IS ORDERED** that the FAC is dismissed without leave to amend. The Clerk of Court shall enter judgment and terminate this action.

Dated this 21st day of August, 2026.

Dominic W. Lanza
United States District Judge